UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONJA SHER, *by and through her power of attorney*, TERESA FISS,

Plaintiff,

v.

EVERBRIGHT, LLC,

Defendant.

Case No. 1:26-CV-04646-KES-FJS

ORDER RE: STIPULATION FOR DISMISSAL OF PLAINTIFF'S FOURTH CAUSE OF ACTION WITH PREJUDICE

(ECF No. 16)

The court is in receipt of the parties' stipulation for dismissal of the fourth cause of action (slander of title) with prejudice. (ECF No. 16.) After reviewing the stipulation, it appears that the body of the filed document is in the form of a stipulation of dismissal under Federal Rule of Civil Procedure 41(a). (*See id.*)

The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim

complaint."); *but see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). Accordingly, Rule 41(a) may not be employed to dismiss fewer than all the claims against a particular defendant. *See Ethridge*, 861 F.2d at 1392.

The stipulating parties in the instant motion are requesting that the court eliminate only the fourth cause of action in Plaintiff's complaint. (ECF No. 16.) Because the instant motion requests dismissal of fewer than all claims asserted against Defendant, Rule 15, not Rule 41, is the proper vehicle to accomplish the partial dismissal. The court finds it proper to construe the parties' instant stipulation to dismiss the fourth cause of action as consent to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure. *See Hells Canyon Pres. Council*, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)). Therefore, the court will give full effect to the parties' stipulation through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED Pursuant to the parties' stipulation (ECF No. 16) and Federal Rule of Civil Procedure 15, the complaint (ECF No. 1) filed on June 16, 2026, is DEEMED AMENDED to dismiss Plaintiff's fourth cause of action (slander of title) with prejudice.

IT IS SO ORDERED.

Dated: **September 4, 2026**

UNITED STATES MAGISTRATE JUDGE