UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SONJA SHER, by and through her power of attorney, Teresa Fiss,

Plaintiff,

v.

EVERBRIGHT, LLC,

Defendant.

Case No. 1:26-CV-04646-KES-FJS

ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED CASE MANAGEMENT AND TRIAL SETTING WITHOUT PREJUDICE

(ECF No. 17)

Before the court is Plaintiff Sonja Sher's ("Plaintiff") motion for expedited case management and trial setting. (ECF No. 17.) For the reasons explained below, Plaintiff's motion is DENIED.

I. BACKGROUND

Plaintiff is currently eighty years old and suffers from Alzheimer's disease. (ECF No. 17 at 3.) Since her initial diagnosis in July 2023, Plaintiff's cognitive decline has progressed. (*Id.*) Plaintiff now requires assistance managing her medications, shopping, and preparing food, and is unable to drive or manage her finances. (*Id.*)

On June 16, 2026, Plaintiff, by and through her power of attorney Teresa Fiss, brought five causes of action against Defendant Everbright, LLC. ("Defendant").[1] (*See generally* ECF No.

[1] Based on a stipulation between the Parties, Plaintiffs' fourth cause of action was dismissed. (ECF No. 18.)

1.) On July 23, 2026, Defendant filed a motion to compel arbitration (ECF No. 6) and a motion to dismiss (ECF No. 17).

On September 4, 2026, Plaintiff filed a motion for expedited case management and early trial setting requesting that the court: (1) grant expedited case management relief, including advancing the hearing on Defendant's motion to compel arbitration and motion to dismiss, or keeping those for hearing on September 21, 2026, (2) setting an early Fed. R. Civ. P. 16 conference, (3) entering an accelerated schedule, and (4) set trial at the earliest date. (ECF No. 17 at 5-6.)

On September 11, 2026, the district judge assigned to this case denied Defendant's motion to compel arbitration (ECF No. 20). That same day the district judge took Defendant's motion to dismiss under submission without oral argument (ECF No. 21).

On September 16, 2026, the Parties appeared before the undersigned for a status conference wherein they discussed recent case developments and Plaintiff's instant request for expedited case management. (ECF No. 23.) The court and the Parties also discussed alternative pathways to a speedy, just, and inexpensive determination of this action.

## II. DISCUSSION

The court now evaluates each of Plaintiff's requests for expedited case management in turn.

Plaintiff's first request —that this court either advance or maintain the then-scheduled hearings on Defendant's motion to compel arbitration and motion to dismiss— is moot because the district court judge denied the motion to compel (ECF No. 20) and taken the motion to dismiss under submission without oral argument (ECF No. 21).

Plaintiff's second request —that this court set an early Fed. R. Civ. P. 16 conference— is denied because October 28, 2026, is the earliest practical date for both the Parties and the court to convene a scheduling conference pursuant to Fed. R. Civ. P. 16, especially given the conferrals and joint report that the parties will file before October 28.

Plaintiff's third and fourth requests—that this court enter an accelerated schedule and that the court set a trial at the earliest date—are best raised, explored, and resolved in the ordinary

course through the October 28 Rule 16 scheduling conference.

III. CONCLUSION AND ORDER

Based on the recent procedural developments in this case, the agreement of the Parties at the September 16, 2026, status conference, and for the reasons outlined above, the court DENIES Plaintiff's motion for expedited case management (ECF No. 17).

IT IS SO ORDERED.

Dated: **September 17, 2026**

UNITED STATES MAGISTRATE JUDGE