UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA SHER, by and through her power of attorney, Teresa Fiss,<br><br>Plaintiff,<br><br>v.<br><br>EVERBRIGHT, LLC,<br><br>Defendant. | No. 1:26-cv-04646-KES-FJS<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Doc. 26 |

Before the court is defendant EverBright, LLC's ("defendant" or "EverBright") motion for reconsideration of this court's order denying EverBright's motion to compel arbitration. Doc. 26. For the reasons discussed below, EverBright's motion for reconsideration is DENIED.

## I. BACKGROUND

EverBright seeks reconsideration of the court's denial of EverBright's motion to compel arbitration. Doc. 20. After plaintiff Sonja Sher ("plaintiff" or "Sher") filed a complaint in this court against EverBright, Doc. 1, EverBright moved to compel arbitration. Doc. 6-1 at 5–6. EverBright argued that Sher had agreed to a contract with an arbitration clause that covered their dispute. *Id.* In Sher's opposition to the motion, she submitted substantial evidence showing that no contract was formed. *See* Doc. 9-1 at 1–4; 9-2 at 1–3. The court denied EverBright's motion because there was no genuine dispute of material fact as to whether the parties had formed a

contract, and EverBright failed to show that Sher had entered into the contract. Doc. 20 at 10–11.

EverBright now moves for reconsideration of that order based on the contents of an alleged recording of Sher speaking with EverBright representatives. Doc. 26-1 at 2. EverBright claims that this call recording "proves that Sher knew that she entered into" the contract. *Id.* at 5. The recording, which is approximately ten minutes long, includes only brief comments from a woman that EverBright claims is Sher.[1]

EverBright admittedly had this recording in its possession when it filed its motion to compel arbitration, and it declined to produce the recording in support of that motion. As the court noted in its September 11, 2026 order, in response to plaintiff's argument concerning EverBright's failure to produce the phone recording, EverBright asserted in its reply that "'EverBright is not obligated to produce any and all additional evidence which supports the original agreement to arbitrate.'" Doc. 20 at 6 (quoting Doc. 14 at 13 n.2).[2] In a declaration submitted with Sher's opposition to the motion to compel arbitration, Sher's attorney alleged that an attorney for EverBright claimed that a phone recording of Sher speaking with an EverBright representative existed. Doc. 9-2 at ¶ 4. Sher's attorney noted that, though she "requested a copy of the recording . . . EverBright stated that it would not produce the purported phone recording." *Id.* Sher also submitted e-mail communications from an attorney for EverBright in which the attorney referenced the alleged recording. *Id.* at 6. The EverBright attorney noted—in an e-mail sent about a week before EverBright filed its motion to compel arbitration—that she and an attorney for Sher had "discussed potentially informally producing the . . . call recording." *Id.* Despite this, EverBright knowingly elected not to submit the recording in support of its motion to compel arbitration.

---

[1] With its motion, EverBright submitted a custodial declaration from EverBright's manager of customer advocacy, authenticating the recording as a business record. Doc. 26-3 at 2–3. The declaration does not identify the EverBright representatives on the call, and EverBright does not provide a declaration from anyone on the call authenticating the identity of the speakers on the call. *See id.*

[2] In its reply brief in support of its motion to compel, EverBright also argued that the court should not draw a negative inference against EverBright based on its decision not to produce the recording. Doc. 14 at 13 n.2.

Sher filed an opposition to EverBright's motion for reconsideration. Doc. 30. Sher noted that "EverBright had every opportunity to present the call recording it now claims is dispositive with its opening motion. It simply chose not to." Doc. 30 at 4. EverBright then filed a reply in support of its motion. Doc. 33.

## II. LEGAL STANDARD

Districts courts have inherent authority to "reconsider their own orders before they become final." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000). "[R]econsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice." *Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009); *see also Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when [such arguments or evidence] reasonably could have been raised earlier in the litigation." *Cachil Dehe*, 649 F. Supp. 2d at 1069. Such motions are "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *Id.* (internal citation omitted).

## III. DISCUSSION

Having had its motion to compel arbitration denied, EverBright now seeks reconsideration of that motion based on a phone recording that is not new, that EverBright knowingly had the entire time, and that, as EverBright represented to the court in its original motion filings, EverBright declined to produce. EverBright argues that reconsideration is warranted because the contents of the recording are "new evidence," and reconsideration is necessary to avoid manifest injustice. *See* Doc. 26-1 at 6–12. These arguments have no merit. Based on EverBright's filings, it is clear the evidence is not "new"; rather, EverBright made a tactical decision not to provide the recording in support of its original motion. Nor has EverBright shown any manifest injustice. EverBright fails to establish any basis for reconsideration.

For the purpose of a motion for reconsideration, evidence is newly discovered when the moving party demonstrates that the evidence: "(1) is truly newly-discovered; (2) could not have

been discovered through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." *Cachil Dehe*, 649 F. Supp. 2d at 1070 (internal citation omitted). "[E]vidence is not 'new' if it was in the moving party's possession or could have been discovered prior to the court's ruling." *Id.* (internal citation omitted).

Here, EverBright actually had the recording in its possession, it knew it had the recording, and it deliberately chose not to submit the recording in support of its motion to compel arbitration. A lawyer for EverBright referenced the recording a week before EverBright filed its motion to compel arbitration. *See* Doc. 9-2 at 6. EverBright itself discussed the recording in its reply brief in support of its motion to compel, noting that it had declined to produce it. Doc. 14 at 13 n.2. As the court noted in its September 11, 2026 order, EverBright acknowledged in its reply brief in support of its motion to compel that it had failed to produce the phone conversation with Sher. EverBright stated that it "is not obligated to produce any and all additional evidence which supports the original agreement to arbitrate." Doc. 20 at 6; Doc. 14 at 13 n.2. In its motion for reconsideration, EverBright confirms that it had the recording as it notes that "the recording had been maintained as part of EverBright's records concerning the transaction" between Sher and EverBright. Doc. 26-1 at 7. EverBright thus fails to establish that the recording is "newly-discovered evidence" that "could not have been discovered through due diligence." *Cachil Dehe*, 649 F. Supp. 2d at 1070.

EverBright asserts that it did not submit the recording for the first time with its reply brief on the motion to compel arbitration, because "[e]vidence submitted for the first time in [a] reply raises the concern that the opposing party has not had a fair opportunity to respond." Doc. 26-1 at 8. This does not provide any support for EverBright's assertion that the evidence is newly discovered.[3] EverBright also raises this concern for the first time. In its reply brief on the motion to compel, it argued only that it "is not obligated to produce" the recording. Doc. 14 at 13 n.2.

EverBright is incorrect that "[t]he recording . . . became new material in light of the

---

[3] EverBright claims that it "did not submit the recording with its opening papers because the factual assertions to which it is principally responsive had not yet been made in pleadings or under penalty of perjury." *Id.* at 8. But whether evidence has become "principally responsive" to an assertion is not the test for whether evidence is new.

reasoning of the Court's Order" denying the motion to compel arbitration. Doc. 26-1 at 9. As discussed above, whether evidence is new depends on whether EverBright could have previously submitted it. *Cachil Dehe*, 649 F. Supp. 2d at 1070. This court's order did not somehow convert the recording into "new evidence," when EverBright clearly already knowingly possessed the recording and deliberately chose not to produce it to the court on its underlying motion.

Nor is reconsideration warranted to avoid manifest injustice. "[M]anifest injustice is defined as an error in the trial court that is direct, obvious, and observable." *Kisman v. United Parcel Serv., Inc.*, 2:21-CV-03164-AB-Ex, 2024 WL 3086645, at *2 (C.D. Cal. Apr. 11, 2024) (internal citation omitted). The term is also used as a "catch-all" to "capture situations that strike the court as fundamentally unfair." *Raya v. Calbiotech*, No. 3:18-cv-2643-WQH-AHG, 2019 WL 11504688, at *3 (S.D. Cal. Nov. 26, 2019). EverBright does not show that the court erred in its order denying EverBright's motion to compel arbitration based on the law or evidence before it at the time of that order. *See* Doc. 26-1 at 9–11. In its motion to compel arbitration, EverBright, "as the party seeking to compel arbitration, [had] the burden of proving the existence of an agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). It failed to meet that burden, and it failed to show that there was a genuine issue of material fact as to the existence of the contract. There is no injustice here warranting reconsideration, when EverBright could have easily submitted the recording with its motion to compel arbitration or, at a minimum, with its reply brief in support of that motion.[4]

For the reasons set forth above, EverBright's motion for reconsideration (Doc. 26) is DENIED.

IT IS SO ORDERED.

Dated: November 6, 2026

[signature]

UNITED STATES DISTRICT JUDGE

[4] Additionally, while EverBright's custodial declaration authenticates the call as an EverBright business record, it does not establish a basis to authenticate the identity of the individuals speaking on the recording. *See* Doc. 26-3. EverBright has not provided a declaration from any EverBright representative allegedly on the call.